UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WM MASTERS AND ASSOCIATES, INC., § <br> JIM STEWART; NANCY STEWART; § <br> MICHAEL KIMREY; ELSIE KIMREY; § <br> GREG THOMPSON; SARAH THOMPSON; § <br> MARK VALENCIA; HEEWON VALENCIA; § <br> AND FREEMAN SALES, LLC § <br> § <br> Defendants. § | CIVIL ACTION NO. 12-2092 |

DEFENDANTS MICHAEL KIMREY
AND ELSIE KIMREY'S BRIEF IN SUPPORT OF THEIR
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

TO THE HONORABLE BARBARA M.G. LYNN:

Defendants Michael Kimrey and Elise Kimrey (improperly identified as "Elsie" in the caption) file this brief in support of their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), respectfully showing the Court that Plaintiff lacks the capacity to bring this suit as a matter of law.

I.  INTRODUCTION

On June 29, 2012, Plaintiff Arch Insurance Company filed suit seeking to enforce an alleged indemnity provision arising from certain "performance and payment bonds in connection with construction projects in the State of Texas." Plaintiff's Original Complaint at ¶ 14. However, Arch Insurance Company is not, and has never been, registered to do business in Texas. As a result, Arch Insurance Company is precluded from bringing the present action as a matter of

law, and the Court should dismiss this matter with prejudice in accordance with Texas Business Organizations Code section 9.051.

## II. MOTION TO DISMISS

### A. Legal Standard.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper when a party is requesting the Court to dismiss the claimant's suit based on a lack of standing or capacity. *The Bradbury Co, Inc. v. Andre Teissier-duCross*, 387 F.Supp. 2d 1167, 1175-1177 (D. Kan. 2005).

### B. Plaintiff is Precluded From Bringing this Suit.

Plaintiff, a Missouri Corporation with its principal place of business in New York, is in violation of Chapter 9 of the Texas Business Organizations Code for having failed to register in accordance with the provisions of that chapter to do business in Texas. Therefore, pursuant to Texas Business Organizations Code section 9.051, Plaintiff cannot bring the present action as a matter of law. Tex. Bus. Org. Code § 9.051; *Baxter v. Aguilar*, Civil Action No. 06-CA-0937 WWJ,

2007 U.S. Dist. LEXIS 96713, at *3 (W.D. Tex. Aug. 7, 2007) (dismissing claimant's complaint for failure to comply with Tex. Bus. Org. Code § 9.051).

According to section 9.051,

> A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter.

This provision applies in Federal Court when federal jurisdiction is based on diversity of citizenship. *See Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 881-882 (5th Cir. 2004). Applying the predecessor to section 9.051, in *Teal Energy*, the Fifth Circuit Court of Appeals held:

> "A foreign corporation conducting business in Texas without a certificate of authority from the Texas Secretary of State will be barred under article 8.18, from filing suit in either Texas State Court <u>or in a federal court sitting there in diversity, on any matter related to its intrastate business activity</u>." *Teal Energy USA, Inc.*, 369 F.3d at 881 (emphasis added).

Plaintiff's complaint arises entirely out of Plaintiff's transaction of business in Texas. In paragraph 14 of Plaintiff's Complaint, Plaintiff alleges that "WM Masters & Associates, Inc. (the "Principal") approached the Surety <u>to issue performance bonds in connection with construction projects in the State of Texas</u>." Plaintiff's Original Complaint at ¶ 14. Plaintiff has alleged that the subject bonds were issued in accordance with Defendants' request. Plaintiff's Original Complaint at ¶ 23. In fact, Plaintiff's own Exhibit 3 shows on its face that at least 27 bonds were issued for Texas projects for or on behalf of Defendants. A true and correct copy of Plaintiff's Exhibit 3, with underlining added to identify the 27 Texas projects, is included herewith as Exhibit A.

Defendants request that this Court take judicial notice that, as of the date of the filing of this Motion, Arch Insurance Company is not registered with the Texas Secretary of State to conduct business in Texas, and that Arch Insurance Company has not obtained a certificate to do business in the State of Texas from the Texas Secretary of State.  According to the Fifth Circuit Court of Appeals, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Wang v. Prudential Ins. Co. of Am.*, 439 Fed. Appx. 359, 363 (5th Cir. 2011).  For the Court's reference, a true and correct copy of the Certificate of Fact concerning Arch Insurance Company from the Texas Secretary of State is included herewith as Exhibit B to this Motion.  The Secretary of State Certificate conclusively shows that no company called Arch Insurance Company is, or has ever been, registered to do business in Texas.  Exhibit B.

Since it is indisputable that Arch Insurance Company has failed to comply with the law of Texas, having not registered to do business in Texas, despite performing substantial business here, Arch Insurance Company lacks standing to pursue this case as a matter of law. Tex. Bus. Org. Code § 9.051.  Therefore, Defendants Michael Kimrey and Elise Kimrey respectfully request that this matter be dismissed with prejudice.

### III.  CONCLUSION

Plaintiff is not registered to do business in Texas, despite the requirements of the Texas Business Organizations Code.  Therefore, Plaintiff cannot pursue this case, and it must be dismissed.

Respectfully submitted,

By: /s/ Patrick W. Powers
Patrick W. Powers
State Bar No. 24013351
patrick@powerstaylor.com
Peyton J. Healey
State Bar No. 24035918
peyton@powerstaylor.com
POWERS TAYLOR LLP
Campbell Centre II
8150 North Central Expressway
Suite 1575
Dallas, Texas 75206
Phone: 214.239.8900
Fax: 214.239.8901

**ATTORNEYS FOR DEFENDANTS MICHAEL KIMREY AND ELSIE KIMREY**

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July 2012, all counsel of record were served via ECF electronic service.

/s/ Peyton J. Healey
Peyton J. Healey