Case 3:12-cv-02092-M   Document 42   Filed 01/14/13   Page 1 of 5   PageID 305

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY, § § Plaintiff, § § v. § § WM MASTERS AND ASSOCIATES, INC., § JIM STEWERT, NANCY STEWERT, § MICHAEL KIMREY, ELISE KIMREY, GREG § THOMPSON, SARAH THOMPSON, MARK § VALENCIA, HEEWON VALENCIA and § FREEMAN SALES, LLC, § § § Defendants. § § | Civil Action No. 3:12-cv-2092-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted under Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Michael Kimrey, Elise Kimrey, and Greg Thompson (collectively, "Defendants") [Docket Entry Nos. 17, 26]. For the reasons discussed below, the Motion is **DENIED**.

I. BACKGROUND AND PROCEDURAL HISTORY

This is a diversity civil action brought by a corporate surety, Arch Insurance Company ("Arch"), to enforce provisions of general indemnity agreements between Defendants and Plaintiff. According to Plaintiff's Complaint, Arch is a Missouri Corporation with its principal place of business in New York.[1] WM Masters & Associates, Inc. ("WM Masters") is a Texas Corporation, and Freeman Sales, LLC ("Freeman Sales") is a Texas limited liability company.

---

[1] When considering a motion under Rule 12(b)(6), a court must accept as true all well-pleaded facts, and view those facts in the light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Page **1** of **5**

The remaining individual Defendants are all Texas citizens.

On July 25, 2012, Defendants Elise and Michael Kimrey filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Arch, as a foreign corporation, cannot maintain this suit under the Texas Business Organizations Code ("TBOC") because it has not registered with the Texas Secretary of State.[2]  Arch opposes dismissal of its Complaint on two grounds.  First, Arch argues that the registration requirement of Section 9.051 of the TBOC does not apply to it, because Arch falls within the Code's express exemption afforded to foreign corporations engaging in interstate activity.  Second, Arch argues that the proper vehicle to challenge its capacity to sue in Texas is a Motion for Summary Judgment, not a Rule 12(b)(6) Motion to Dismiss.

Arch does not contest that it is a foreign corporation that never registered with the Texas Secretary of State.  Nor has Arch proffered that it is attempting to register, intends to register, or will register with the Texas Secretary of State.  Finally, no party argues that the Court is not bound to apply Article 9.051 of the TBOC.  *See Erie R.R. Co. v. Tomkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or acts of Congress, the law to be applied in any case is the law of the state."); *Teal Energy USA v. GT, Inc.*, 369 F.3d 873, 881–82 & n. 41 (5th Cir. 2004) (applying Section 9.051 of the Texas Business Organizations Code in a diversity civil action).  Consequently, the issue before the Court is whether Arch, as a foreign corporation, is required to register with the Texas Secretary of State in order to maintain this action.

## II.    LEGAL ANALYSIS

Section 9.051 of the TBOC states, in pertinent part:

---

[2] On August 24, 2012, Defendant Greg Thompson also filed a Motion to Dismiss for Failure to State a Claim, arguing the same grounds for dismissal as Defendants Michael and Elise Kimrey [Docket Entry #26].

> A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter.

Tex. Bus. Org. Code. 9.051. Thus, Section 9.051 expressly precludes a foreign corporation which is transacting, or has transacted, business in Texas, without a certificate of authority, from obtaining affirmative relief in the courts of Texas on any matter arising out of the transaction of intrastate business. *Id.* However, Section 9.251(9) of the TBOC provides that a foreign corporation conducting business in Texas without a certificate of authority from the Texas Secretary of State will not be barred under Section 9.051 from filing suit in state courts or in federal courts in Texas, on any matter related to the entity's interstate business. *See* Tex. Bus. Org. Code 9.251(9).

Arch argues that the exemption for transactions related to interstate commerce gives it authority to sue in Texas, although it has not registered with the Texas Secretary of State. In response, Defendants urge that the transaction at issue constitutes an intrastate activity, to which the exemption does not apply. After careful consideration of the parties' arguments, the Court concludes that it need not engage in an analysis of whether the transaction at issue constitutes *intrastate* or *interstate* activity under Sections 9.051 and 9.251(9) of the TBOC.

The Court finds persuasive on this issue Section 9.002(c) of the TBOC, which states that "[a] foreign entity is not required to register under [the TBOC] if other state law authorizes the entity to transact business in [Texas]." Tex. Bus. Org. Code. § 9.002(c). As Arch is an insurance company, the Court looks to the Texas Insurance Code for further guidance. Section

982.052[3] of the Texas Insurance Code requires that a foreign insurance company[4] obtain a certificate of authority from the Texas Department of Insurance prior to engaging in the business of issuing insurance in Texas. Tex. Ins. Code § 982.052. In their respective briefs, both Arch and Defendants acknowledge that Arch possesses an active license from the Texas Department of Insurance to transact business in the State of Texas. The public website of the Texas Department of Insurance confirms that Arch Insurance Company has a current and active license to engage in business in Texas.[5] *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (reiterating that in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record). Thus, as there is uncontested evidence demonstrating that Arch is licensed by the Texas Department of Insurance to conduct business in Texas under the Texas Insurance Code, Arch is lawfully transacting business in Texas under another state law and need not register under the TBOC.[6] *See* Tex. Ins. Code § 982.052; Tex. Bus. Org. Code. § 9.002(c).

The district court in *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.* reached the same result when faced with this precise issue. No. 4:08-CV-243, 2009 WL 901128 (E.D. Tex. Mar. 30, 2009). There, the defendant also argued that the plaintiff insurance company did not have standing to maintain an action in Texas because it was not registered with the Texas

---

[3] Section 982 of the Texas Insurance Code applies to any insurance company that is organized under the laws of another state or country and that wants to engage in or is engaging in the business of insurance in Texas.

[4] Section 982.001 defines a "foreign insurance company" as "an insurance company organized under the laws of another state of the United States."

[5] Accessible at https://apps.tdi.state.tx.us/pcci/pcci_show_profile.jsp?tdiNum=93922 (last accessed on January 9, 2013).

[6] The Court finds that Arch's license from the Texas Department of Insurance is sufficient proof that Arch is authorized to conduct business in Texas, even though the parties have not proffered evidence that Arch has a *certificate of authority* from the Texas Department of Insurance. The Court finds that in order to procure an active license to operate, Arch must have successfully registered and obtained a certificate of authority from the Texas Department of Insurance. Until recently, it had been the practice of the Texas Department of Insurance to refuse to issue a license to a foreign entity unless the foreign entity had registered with the Texas Secretary of State. Texas House Bill No. 2503, passed in the 2011 Legislative Session, removed this requirement, effective September 1, 2011. The Court notes that the new legislation confirms that an entity may lawfully register with the Texas Department of Insurance without also registering with the Texas Secretary of State in accordance with Section 9.051 of the TBOC.

Secretary of State in accordance with the TBOC. *Id.* at *2. In rejecting the defendant's position, the district court noted that because the plaintiff was licensed to conduct business under the Texas Insurance Code, it was not required to register under the TBOC, because another state law authorized the plaintiff to conduct business in Texas. *Id.* Similarly, because Arch is authorized to transact business in Texas under the Texas Insurance Code, Arch is not required to register under the TBOC. In light of the Court's determination that Arch is not required to register with the Texas Secretary of State, the Court need not reach the issue of whether the proper vehicle to challenge Arch's capacity to sue under the TBOC is a Rule 12(b)(6) or a Motion for Summary Judgment.

### III.   CONCLUSION

The Court finds that Arch is not precluded under the TBOC from maintaining this action. Accordingly, Defendants' Motion to Dismiss is **DENIED**.[7]

**SO ORDERED**.

Dated: January 14, 2013.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[7] In their Supplemental Reply Brief, Defendants Michael and Elise Kimrey object to Plaintiff filing a supplemental brief in further support of its opposition to Defendants' Motion to Dismiss [Docket Entry Nos. 30 and 31]. Defendants argue that Plaintiff's brief is untimely, and Plaintiff did not seek the Court's leave to file a supplemental reply brief. After reviewing Defendants' arguments, the Court overrules Defendants' objection to Plaintiff's supplemental brief.